# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

IN RE: BRENDA B. TODD

BRENDA TODD,

    Appellant,

v.

LOWELL R. ROTHSCHILD,
*as Successor Creditor Trustee for Fort Defiance Housing Corporation, Inc.*,

    Appellee.

Case No. 2:12-CV-1092-KJD-GWF

**ORDER**

    Presently before the Court is Appellant's Appeal from the Order of the Bankruptcy Court in Bankruptcy Case No. 09-14362-LBR. Appellant filed an Opening Brief (#7). Appellee's filed a response in opposition (#8) to which Appellant replied (#10).

I.  Jurisdiction

    District courts have jurisdiction over final orders entered by the bankruptcy court pursuant to 28 U.S.C. § 158(a). A bankruptcy court's order determining whether a creditor holds a valid, perfected security interest in collateral is a final order if it constitutes a complete adjudication of the issues and clearly evidences the bankruptcy judge's intention that it be final. In re Wiersma, 483 F.3d

933, 937-40 (9th Cir. 2007) (validity of bank's security interest was resolved by secured status order entered by bankruptcy court that was intended to be final). Furthermore, a bankruptcy court order is appealable where it (1) resolves and seriously affects substantive rights and (2) finally determines the discrete issue to which it is addressed. In re Frontier Properties, Inc., 979 F.2d 1358, 1363 (9th Cir. 1992). At issue in this case was the validity of a consensual lien on the residence (the "Property") owned by Appellant, Brenda Todd ("Todd"), on which she claims a homestead exemption, and which lien was assigned by the Bank of Nevada to the Creditor Trustee. The Bankruptcy Court ruled that the Creditor Trustee holds a valid, perfected security interest superior to Todd's claim of exemption. This Court has jurisdiction to determine this appeal.

II.  Procedural History and Facts

On April 10, 2009, Debtor Todd filed her Schedule C and asserted a homestead exemption regarding the Property pursuant to NRS 21.090(1)(m). On December 21, 2009, the Creditor Trustee filed her *Amended Objection to Claimed Exemptions* (the "Objection"). The Objection disputed Debtor Todd's exemption claim because Fort Defiance Housing Corporation, Inc. ("FDHC") is the beneficiary of the Hypothecation Agreement encumbering the Property. The Objection contended that the Property was worth less than $741,000, and so there was no equity for Debtor Todd to claim as exempt. The Objection also noted that even if Todd held any equity in the Property, that equity could be traced to the fraudulent conduct that resulted in a judgment for $18,500,883.59, including $1,000,000 in punitive damages against Todd and in favor of the Creditor Trustee.

On December 10, 2009, Debtor Todd filed *Debtor's Response to Amended Objections to Claimed Exemption* [Docket No. 104] (the "Response"). The Response did not address the Hypothecation Agreement, and instead requested proof that Debtor Todd's alleged equity in the Property derived from the fraudulent conduct underlying the judgment. A hearing was held on the Objection on January 27, 2010. At that time, the Nevada Bankruptcy Court determined not to set the matter for trial, but to wait until the conclusion of an appeal pending in Arizona Bankruptcy Court as

part of the Fort Defiance bankruptcy.  The Nevada Bankruptcy Court set the Objection for a series of status hearings while waiting for resolution of Todd's appeals on various issues.

On August 25, 2011, the Nevada Bankruptcy Court entered an Order approving a settlement agreement between the Creditor Trustee and the Chapter 7 Trustee appointed in Debtor Todd's case. The Order preserved the limited issue of Todd's asserted homestead exemption.  It also provided a procedure for the sale of the Property.  See Settlement Agreement, Appellee's Answering Brief (#8), Exhibit 1, at Section 2.4 (providing that the Chapter 7 Trustee may sell the Property and tender the proceeds to the Creditor Trustee, subject to the approval of the sale by the Nevada Bankruptcy Court).

On November 21, 2011, the Creditor Trustee filed her *Renewed Objection to Homestead Exemption* (the "Renewed Objection").  On December 22, 2011, Debtor Todd filed her *Response to Renewed Objection to Homestead Exemption*.  On January 3, 2012, the Creditor Trustee filed her *Reply in Support of Renewed Objection to Homestead Exemption.*

The Renewed Objection was initially heard on January 10, 2012.  At that time, the Nevada Bankruptcy Court set it for evidentiary hearing on April 17, 2012.  On April 5, 2012, the Creditor Trustee filed a *Motion to Compel Deposition of Debtor Brenda Todd and for Sanctions on Order Shortening Time*.

On April 9, 2012, Debtor Todd filed her *Pre-Trial Statement*.  At the April 17, 2012 hearing, the Court continued all deadlines for pretrial procedures.  On May 18, 2012, the Creditor Trustee filed her *Pre-Trial Statement* and *Pre-Trial Brief*.  The Pre-Trial Brief highlights the key undisputed facts in the case.

An evidentiary hearing on the *Renewed Objection* was held on June 4, 2012.  On June 15, 2012, the Nevada Bankruptcy Court entered the Homestead Order.  The Homestead Order recognizes that the Creditor Trustee has a valid, perfected, consensual lien on the Property in the amount of $741,548.86.  It also states that the Creditor Trustee's lien takes priority over any assertion by Debtor Todd to homestead exemption on the Property.  Todd filed her *Notice of Appeal* on June 22, 2012.

III.  Facts

On or about December 31, 1999, FDHC executed a Promissory Note in the original principal amount of $328,350 to Mesquite State Bank, in relation to an affordable housing subsidy agreement. The Promissory Note included interest, default interest, and late charges, upon the occurrence of certain conditions.

On October 19, 2000, Brenda Todd entered into a Hypothecation Agreement (the "Agreement") with Mesquite State Bank which encumbered the property located at 222 Pinnacle Circle, Mesquite, NV (the "Property").  On December 8, 2004, Bank of Nevada, as successor to Mesquite State Bank, recorded the Agreement on the Property with the Clark County Recorder's Office as Instrument No. 20041208-0003870.

The Hypothecation Agreement granted Bank of Nevada a consensual lien on the Property, as security for any and all liabilities and indebtedness of FDHC to Mesquite State Bank.  The Agreement specifically covers all obligations whether arising prior to or after the date of the Agreement.

FDHC defaulted under the terms of the Promissory Note to Mesquite State Bank.  Bank of Nevada is the successor in interest to Mesquite State Bank.  Following FDHC's filing for Chapter 11 bankruptcy in Arizona, Bank of Nevada filed a Proof of Claim on May 12, 2005, as subsequently amended on September 27, 2005, claiming it was owed $741,548.86, arising from the Promissory Note date December 31, 1999.  The Creditor Trustee objected to Bank of Nevada's Proof of Claim.

On July 9, 2009, the Creditor Trustee and the Bank of Nevada reached a settlement which provided that Bank of Nevada would have an allowed general unsecured claim in the amount of $741,548.86 in the FDHC bankruptcy case.  As part of the settlement with the Creditor Trustee, Bank of Nevada assigned any and all claims, liens, and other causes of action against Brenda Todd, including its interest in the Hypothecation Agreement to the Creditor Trustee (the "Bank of Nevada Settlement").  See *Order Approving Settlement with Bank of Nevada*, Appellee's Answering Brief, Exhibit 4. An Assignment of Beneficial Interest (the "Assignment") from Bank of Nevada to the

4

Creditor Trustee was recorded on December 11, 2009 with the Clark County Recorder at Instrument No. 200912110000159.  See Assignment, Appellee's Answering Brief, Exhibit 5.

IV.  Analysis

    Liens pass through the bankruptcy process unaffected.  In re Blankenship, 258 B.R. 637, 640 (E.D. Virginia 2001); In re Salanoa, 263 B.R. 120, 123 (S.D. Cal. 2001).  A bankruptcy discharge extinguishes only *in personam* claims against the debtor, but generally has no effect on an *in rem* claim against the debtor's property.  In re Duetchman,192 F.2d 457, 460 (4th Cir. 1999).  In this case, the Creditor Trustee's consensual lien on the Property is unaffected by Todd's claim of exemption. *See* 11U.S.C. §522(c),(f) and (g).  In the Bankruptcy Code, there are three categories of liens, which are mutually exclusive: (1) security interests; (2) judicial liens; and (3) statutory liens.  In re Vaughan, 311 B.R. 573, 583 (B.A.P. 10th Cir. 2004).  The Bankruptcy Code defines a judicial lien as a lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding. See 11 U.S.C. §101 (36).  A security interest, or consensual lien, is created by agreement.  See 11 U.S.C. §101(51).  Just because a creditor resorts to the judicial process to enforce the lien, does not mean the lien is a judicial lien.  In re Vaughan, 311 B.R. at 583.

    Section 522 of the Bankruptcy Code permits debtors to exempt certain property from the bankruptcy estate.  See 11 U.S.C. § 522. Property exempted by a debtor is not liable for any debt that arose before the commencement of the case, except a debt that is secured by a consensual lien on property.  See, e.g., 11 U.S.C. § 522(c)(2) (exempt property may be liable for debt arising prior to the case and secured by a lien that is not avoided, not void or a properly filed tax lien).  Here, the Hypothecation Agreement created a pre-petition lien on the Property.  It has not been avoided.  In fact, it can never be avoided.  The Bankruptcy Code **only** permits a debtor to avoid a lien on the debtor's interest in property to the extent that such lien impairs an exemption to which the debtor would have been entitled, if such lien is a judicial lien.  See 11 U.S.C. §522(f)(1)(A).  Thus, the Creditor Trustee has an unavoidable security interest in the Property.  Accordingly, the Todd's

homestead exemption does not thwart the Creditor Trustee's perfected consensual lien on the Property.

Nevada's homestead exemption provides protection from execution by judgment lien holders; it does not protect property owners from execution by consensual lien holders. Nev. Rev. Stat. § 21.090(2) provides that "… no article or species of property mentioned in this section is exempt from execution issued upon a judgment to recover for its price, or upon a judgment of foreclosure of a mortgage or **other lien thereon**." Nev. Rev. Stat. § 21.090(2) (emphasis added).

Chapter 115 of the Nevada Revised Statutes governs "Homesteads," and provides further illumination about exceptions to the homestead exemption. Nev. Rev. Stat. § 115.010 applies to "Exemption from sale on execution and from process of court; amount of exemption; exceptions; extension of exemption," and provides in pertinent part as follows:

> 1. The homestead is not subject to forced sale on execution or any final process from any court, except as otherwise provided by subsections 2, 3 and 5, and NRS 115.090 and except as otherwise required by federal law.
> …
> 3. Except as otherwise provided in subsection 4, the exemption provided in subsection 1 does not extend to process to enforce the payment of obligations contracted for the purchase of the property, or for improvements made thereon, including any mechanic's lien lawfully obtained, or for legal taxes, or for:
>
> (a) Any **mortgage or deed of trust** thereon executed and given, including, without limitation, any second or subsequent mortgage, mortgage obtained through refinancing, line of credit taken against the property and a home equity loan; or
>
> (b) **Any lien to which prior consent has been given** through the acceptance of property subject to any recorded declaration of restrictions, deed restriction, restrictive covenant or equitable servitude, specifically including any lien in favor of an association pursuant to NRS 116.3116 or 117.070[.]

Nev. Rev. Stat. § 115.010(1), (3)(a) (emphasis added).

Here, the Creditor Trustee holds a consensual lien and mortgage on the Property through the Hypothecation Agreement signed by Todd. Nevada law defines "mortgage" as "a conveyance, agreement or arrangement in which property is encumbered or used as security." NRS 132.235. The

6

Hypothecation Agreement is an agreement in which the Property is used as security.  See Nev. Rev. Stat. § 132.235.  Accordingly, Todd's claimed homestead exemption is not superior to the Creditor Trustee's security interest in the Property.  Similarly, Todd's claimed homestead exemption does not prevent the Creditor Trustee from receiving the net proceeds of the sale of the Property until the debt secured by the Property is paid in full. Therefore, the Court must affirm the orders of the Bankruptcy Court.

Todd raises other arguments that do not affect the outcome.  Though they are mostly insubstantial, the Court will address each argument.

Todd claims that Bank of Nevada never filed a lien on the Property.  See Appellant's Opening Brief (#7) at p. 7.  The Hypothecation Agreement was clearly recorded on the Property, which perfected the consensual lien.

Todd claims that Bank of Nevada never filed a Proof of Claim in her bankruptcy case. Id. at p. 7, 14.  The Creditor Trustee filed a timely proof of claim, evidencing the assigned interest and lien on the Property.

Todd claims that the objection to her homestead exemption was untimely.   Rule 4003(b) of the Federal Rules of Bankruptcy Procedure establishes that a party may file an objection to exemption within 30 days after conclusion of a Section 341 creditor's meeting.  Here, the Section 341 meeting was not concluded until December 30, 2009 [Bankruptcy Docket Nos. 78, 82 and 87].  The Creditor Trustee's initial objection to exemptions was filed on November 25, 2009, well within the deadline. Nevertheless, even if the Creditor Trustee failed to file any timely objection to Todd's claim of homestead exemption, the result would be the same.  Todd's homestead exemption is not superior, as a matter of law, to the consensual lien which entitles the Creditor Trustee to receive sale proceeds until the debt secured by the Property has been paid in full. In re Keenan, 106 B.R. 239, 243 (Bankr. D. Colo. 1989) ["when the debtor has waived the homestead exemption in favor of a consensual lien holder, that lienor has no obligation to raise an objection to the claim of exemptions."]; In re Johnson, 439 B.R. 416, 443 (Bankr. E.D. Mich. 2010) ["debtor may not exempt property against a valid

consensual lien. The voluntary granting of a security interest in exempt property has been construed as a waiver of the right to claim an exemption in the property, as against the security interest."].

Debtor Todd asserts that the Court erred in excluding certain late-produced exhibits. See Appellant's Brief, at p. 12.  However, the Nevada Bankruptcy Court's exclusion of these exhibits is not material. The only exhibits of consequence are the Creditor Trustee's trial exhibits that established without dispute that Todd granted the Creditor Trustee, through the Bank of Nevada, a consensual lien on the Property.  The debt secured by the Property was proven to be in default.  The Creditor Trustee paid value for and was assigned the Bank of Nevada's debt and the consensual lien on the Property.  Pursuant to the Bankruptcy Code and Nevada law, the Creditor Trustee's security interest in the Property is superior to Todd's claimed homestead exemption.

Todd asserts for the first time that Bank of Nevada somehow violated the Truth in Lending Act, and that the Assignment is somehow not legal because the Federal Home Loan Bank did not approve it.  The Court will not consider arguments raised for the first time on appeal. Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir. 1999).

Todd also argues that the Assignment violates the automatic stay imposed by 11U.S.C. § 362. See Appellant's Brief, at p. 15. Assignment of a secured claim does not, however, violate the automatic stay because the automatic stay only applies to transfers of a debtor's property interests under 11 U.S.C. § 362(a)(3).  See, e.g., Kapila v. Atl. Mortg. & Inv. Corp., 184 F.3d 1335, 1337 (11th Cir. 1999); Rogan v. Bank One, N.A., 457 F.3d 561, 568 (6th Cir. 2006).  The transfer of Bank of Nevada's interest in the Property to the Creditor Trustee does not violate the automatic stay.

In short, the record does not support a dispute of the material facts.  The undisputed facts establish that the Creditor Trustee was assigned a consensual lien from Bank of Nevada. Both the Bankruptcy Code and Nevada law provide that a consensual lien is superior to a claim of homestead exemption. Accordingly, the Nevada Bankruptcy Court properly entered the Homestead Order, and it is affirmed.

V.  Conclusion

Accordingly, this Court **AFFIRMS** the bankruptcy court's Homestead Order Re: Renewed Objection to Homestead Exemption entered in Case No. 09-14362-LBR, June 15, 2012, **GRANTING** Appellee's Renewed Objection to the Homestead Exemption.

DATED this 18th day of March 2013.

_____
Kent J. Dawson
United States District Judge