# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

IN RE: BRENDA B. TODD

BRENDA TODD,

    Appellant,

v.

LOWELL R. ROTHSCHILD,
*as Successor Creditor Trustee for Fort Defiance Housing Corporation, Inc.*,

    Appellee.

Case No. 2:12-CV-1092-KJD-GWF

**ORDER**

Presently before the Court is Appellant's Rule 60(b) Motion (#25). Appellee filed a response in opposition (#26) to which Appellant replied (#28).

I. Procedural History

At issue in this appeal was the validity of a consensual lien on the residence ("Property") owned by Brenda Todd ("Todd") on which she claimed a homestead exemption, and which lien was assigned by the Bank of Nevada to the Creditor Trustee. After a trial on June 15, 2012, the Bankruptcy Court ruled that the Creditor Trustee holds a valid, perfected security interest superior to Todd's claim of exemption ("Homestead Order") through a hypothecation agreement

("Hypothecation Agreement"). Todd appealed the Homestead Order on June 25, 2012 to this Court. On March 18, 2013, the Court entered an Order (#17) affirming the Bankruptcy Court's Homestead Order. Todd filed a timely notice of appeal on April 2, 2013. Todd now seeks to vacate the Court's Order (#17) claiming that she has newly discovered evidence.

II.  Analysis

The filing of a notice of appeal divests the district court of jurisdiction to dispose of a Federal Rule of Civil Procedure ("Rule") 60(b) motion. Scott v. Younger, 739 F.2d 1464, 1466 (9th Cir. 1984). However, a party wishing to seek Rule 60(b) relief after a notice of appeal has been filed, must "ask the district court whether it wishes to entertain the motion, or to grant it, and then move [the Ninth Circuit], if appropriate for remand of the case." Id. Construing *pro se* Appellant's pleadings liberally as the Court must, the Court finds that Appellant has made such a request. However, because the motion is futile, the Court declines to grant the motion and request remand.

In order to meet the "newly discovered evidence" requirement within the meaning of Rule 60(b), parties must show the evidence: "(1) is truly-newly discovered; (2) could not have been discovered through due diligence; and (3) is of such a material and controlling nature that it demands a probable change in the outcome." United States v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1130 n.45 (E.D. Cal. 2001); see also Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., 833 F.2d 208, 211 (9th Cir. 1987). The alleged Deed of Reconveyance releasing the bank's interest in the loan is not newly discovered evidence. The Deed was clearly recorded in 2001 and, therefore, easily discoverable through due diligence. However, making it even more clear that Appellant had notice and actual possession of the Deed is the fax cover sheet, from the bank to Appellant dated November 14, 2001, and attaching the Deed. Under Rule 60, if the evidence was in the possession of the party before the judgment was rendered it is not newly discovered. See Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., 833 F.2d 208, 212 (9th Cir. 1987). Moreover, fact of possession makes clear the party did not use due diligence to discover it. See Coastal Transfer Co. v. Toyota Motor Sales, U.S.A. 833 F.2d 208, 212 (9th Cir. 1987). Therefore, since Todd had actual possession of the Deed

and failed to use due diligence to discover it sooner, the Court would deny Appellant's motion. Thus, entertaining the motion to reconsider would be futile.

Further, the Deed of Reconveyance attached by Todd related to a 1997 construction loan not at issue in the present appeal. Therefore, even if the Court considered the document on its merits, Appellant would not prevail. Thus, entertaining the motion would be futile and the Court declines consideration of the Rule 60(b) motion.

Accordingly, IT IS HEREBY ORDERED that Appellant's Rule 60(b) Motion (#25) is **DENIED**.

DATED this 10th day of March 2015.

_____
Kent J. Dawson
United States District Judge

3